No. 59,282

STATE OF KANSAS, *Appellee*, v. ARLENE Y. WILSON, *Appellant*.

(731 P.2d 306)

Opinion filed January 16, 1987.

*Lucille Marino*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellant.

*Debra Barnett*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: Arlene Y. Wilson appeals from her conviction by jury trial in Sedgwick County District Court of murder in the second degree, K.S.A. 21-3402. We reverse.

The problem in this case arose when the information was filed. It charges that in Sedgwick County, Kansas, on or about September 14, 1985,

"Arlene Y. Wilson did then and there unlawfully, wilfully kill and murder one

Polly A. Stone by stabbing her in the chest with a knife, inflicting wounds of which the said Polly A. Stone did die on September 14, 1985."

The information purports to charge murder in the first degree, K.S.A. 21-3401.

In Kansas, all crimes are statutory. The elements necessary to constitute a crime must be gathered wholly from the statute. *State v. Minor*, 197 Kan. 296, 299, 416 P.2d 724 (1966). An information which omits one or more of the essential elements of the crime it attempts to charge is jurisdictionally and fatally defective and a conviction of that offense must be reversed. The evidence introduced at trial to show commission of the crime sought to have been charged, and the jury instruction thereon, have no bearing on this question. *State v. Jackson*, 239 Kan. 463, 466, 721 P.2d 232 (1986), quoting from *State v. Howell & Taylor*, 226 Kan. 511, 601 P.2d 1141 (1979).

Murder in the first degree is defined by K.S.A. 21-3401 as a killing of a human being committed maliciously, willfully, deliberately, and with premeditation. Here, there is no charge that the killing of Polly Stone was done maliciously, deliberately, and with premeditation. The information does not charge murder in the first degree.

Murder in the second degree is defined by K.S.A. 21-3402 as "the malicious killing of a human being, committed without deliberation or premeditation and not in the perpetration or attempt to perpetrate a felony." The information does not charge that the killing of Polly Stone was done maliciously, without deliberation or premeditation and not in the perpetration or attempt to perpetrate a felony, and thus the information does not charge murder in the second degree.

Voluntary manslaughter is defined by K.S.A. 21-3403 as "the unlawful killing of a human being, without malice, which is done intentionally upon a sudden quarrel or in the heat of passion." The information does not charge that the killing of Polly Stone was done intentionally upon a sudden quarrel or in the heat of passion. The information does not charge voluntary manslaughter.

K.S.A. 1985 Supp. 21-3404 defines involuntary manslaughter as the unlawful killing of a human being, without malice, "which is done unintentionally in the wanton commission of an unlawful act not amounting to felony, or in the commission of a lawful act

in an unlawful or wanton manner." The information here does not charge that the killing of Polly Stone was done "unintentionally in the wanton commission of an unlawful act not amounting to felony, or in the commission of a lawful act in an unlawful or wanton manner." Clearly, it does not charge involuntary manslaughter.

Thus, this case went to trial upon an information which does not charge any degree of criminal homicide under the laws of this state. The State contends that the information was amended during trial to charge murder in the first degree. At one point the prosecuting attorney indicated a desire to amend the information. He made no motion in writing, and no oral motion on the record. He simply asked the court: "These other motions and my formal amendment to the Complaint, can we take that up before the jury tomorrow?" The trial judge responded, "I still think there needs to be something in the evidence which would justify the amendment before that is determined." Sometime later during the trial, defense counsel stated to the court, "[W]e feel that the Court should not amend the information to a premeditated murder." The prosecutor remained silent. The court then ruled, "The State's motion to amend to conform to the evidence is sustained." The State never filed an amended information; the prosecutor never stated on the record the substance of or the precise wording which the State wished to include in or strike from the information; and the prosecutor never made an amendment by interlineation. The record is silent as to exactly what change the prosecutor wished to make. We hold that the information was never amended.

Where leave is granted to the prosecution to amend an information, the amendment must be made either (a) by filing an amended information, or (b) by striking out or writing in the pertinent matter by interlineation upon the document on file.

Informations are required to be in writing, and may be amended at any time with leave of court before verdict or finding "if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." K.S.A. 1985 Supp. 22-3201(2) and (4). Here, an amendment to charge an offense could not have been made without charging an "additional or different crime." An information which does not charge *any* offense cannot be amended over defense objection to first charge an offense *during trial.*

Defendant's conviction of murder in the second degree, a crime with which she was not charged, must be set aside. The trial court had no jurisdiction to try her or to convict her of an offense when she was not charged with any offense under the laws of this state.

One further matter requires our attention. The trial court instructed the jury on first-degree premeditated murder, second-degree murder, voluntary manslaughter, and involuntary manslaughter. The instruction given on voluntary manslaughter was particularly troublesome.

PIK Crim. 2d 56.05 is the pattern instruction on voluntary manslaughter. The trial court first instructed on first-degree premeditated murder and murder in the second degree. In both of those instructions, the jury was properly instructed that to establish the offense, it must be proved that the killing was done maliciously. The jury was also properly instructed that the burden was on the State to prove the defendant guilty.

The trial court then instructed on voluntary manslaughter, but it made several changes in the pattern instruction, PIK Crim. 2d 56.05. It inserted the element of "without malice," thus advising the jury that the burden was on the State to prove "with malice" (first- and second-degree murder) and to prove "without malice" (voluntary manslaughter). While the trial court was correct in its statement that voluntary manslaughter is a killing without malice, this instruction as given, considered in the light of the other instructions, was confusing. Both the prosecutor and defense counsel objected to the instruction given by the court.

One other jury instruction requires comment. The trial court, in an instruction similar to PIK Crim. 2d 52.08, instructed the jury on the burden of proof on the defense of self-defense. Again, over the objection of both the prosecutor and defense counsel, the trial court deleted from that instruction the sentence: "The State's burden of proof does not shift to the defendant." The instruction as given thus lacked the clarity of the original PIK instruction and did not warn the jury that when this defense is raised, the State's burden of proof does not shift to the defendant.

Kansas has been a leader in the preparation and publication of pattern jury instructions, both civil and criminal, for the assistance and guidance of the bench and bar. The committee on

Pattern Jury Instructions of the Kansas District Judges' Association first published pattern jury instructions for use in the trial of civil cases in 1964, and revisions of that original work have been published regularly since then. Similarly, Pattern Criminal Jury Instructions have been prepared by the same committee, serving as an Advisory Committee on Criminal Jury Instructions to the Kansas Judicial Council. Pattern Criminal Jury Instructions were first published in 1971, and these are now published in loose-leaf form and are updated annually. The advisory committee and the Kansas Judicial Council, whose membership includes many distinguished Kansas judges and lawyers, have produced a work of invaluable assistance. Reversals and the necessity of new trials in criminal cases because of error in the jury instructions are now quite rare because of the clarity and correctness, and the widespread use, of the Pattern Criminal Jury Instructions.

When pattern jury instructions are appropriate, a trial court should use them unless there is some compelling and articulable reason not to do so. A trial court, in the press of a busy trial, cannot possibly do the research and give the thought to each jury instruction that has gone into the preparation of pattern instructions by the advisory committee. Here, the jury could have been easily, clearly, and properly instructed had the trial court used the proposed pattern criminal jury instructions without modification, as requested by counsel for both the State and the defendant.

The judgment of the trial court convicting the defendant, Arlene Y. Wilson, of murder in the second degree is reversed.

ALLEGRUCCI, J., not participating.