No. 60,996

STATE OF KANSAS, *Appellee*, v. DONALD L. NUNN, *Appellant.*

(768 P.2d 268)

Opinion filed January 20, 1989.

*Thomas Jacquinot*, assistant appellate defender, argued the cause and *Benjamin C. Wood*, chief appellate defender, was with him on the brief for appellant.

*Mona Furst*, assistant district attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Donald L. Nunn appeals from his convictions of four counts of indecent liberties with a child, K.S.A. 1987 Supp. 21-3503(1)(a), K.S.A. 1984 Supp. 21-3503(1)(b); and three counts of aggravated criminal sodomy, K.S.A. 1987 Supp. 21-3506(a). He raises seven issues in this appeal, none of which constitutes reversible error.

Donald L. Nunn and his wife Michelle were married on July 11, 1986, a few days after her eighteenth birthday. They had been living together since July 1984. Michelle's younger sister, C.P., often spent the night at the home of Michelle and the appellant. Young friends of C.P. and Michelle also frequently stayed the night there. The appellant supplied the girls with alcoholic beverages. C.P. and the other girls also took drugs while visiting there.

C.P. and three of her friends, T.A., J.P., and D.E., are the complaining witnesses in this case. Each girl testified at trial to various incidents of sexual abuse committed upon her by the appellant in his home. The four girls ranged in age from 10 to 14

at the time of the alleged offenses. Each testified that she had been awakened during the night to find the defendant touching her vaginal area with his finger, his mouth, his tongue, or his penis.

The State also presented two witnesses who, as children, had been the victims of indecent liberties perpetrated by the appellant in 1979. The State's motion in limine to present this evidence was granted by Judge Robert Watson on March 20, 1987, a few days before trial. On the first day of trial, the parties again argued the issue before Judge David Kennedy, the trial judge. The trial judge refused to alter Judge Watson's ruling and allowed the testimony for purposes of proving intent and identity, consistent with Judge Watson's decision.

The complaint/information charged appellant with indecent liberties with a child in Counts I, III, IV, and VI, alleging sexual intercourse with C.P., T.A., D.E., and J.P. Counts II, V, and VII charged appellant with aggravated criminal sodomy involving C.P., D.E., and J.P.

At the close of the State's evidence, the prosecuting attorney orally moved to amend the dates in the information as to Counts IV, V, VI, and VII to conform to the evidence and testimony of the witnesses. The district court granted the motion over the objection of defense counsel.

The appellant testified in his own behalf, denying each of the allegations and contending that the four alleged victims were lying. The defense presented other witnesses who lived at the Nunn residence at various times during the late spring and summer of 1986, each of whom testified that he or she had not seen or heard anything appearing to be acts of sexual molestation by the appellant.

The jury returned a verdict of guilty on each of the seven counts. Additional facts will be set forth as they become relevant in considering the various issues on appeal.

The first issue challenges the ruling allowing evidence of defendant's prior incidents of sexual misconduct toward children. Questions regarding the admissibility of prior crimes evidence pursuant to K.S.A. 60-455 are within the discretion of the trial judge, whose ruling will not be interfered with on review unless that discretion was abused, or unless the trial judge

admitted evidence that clearly had no bearing on any of the issues. *State v. Riedel*, 242 Kan. 834, 839, 752 P.2d 115 (1988). K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

In ruling on the admissibility of such evidence, the trial court must: (1) determine it is relevant to prove one of the facts specified in the statute, (2) determine the fact is a disputed, material fact, and (3) balance the probative value of the prior crime or civil wrong evidence against its tendency to prejudice the jury. *State v. Breazeale*, 238 Kan. 714, 719, 714 P.2d 1356, *cert. denied* 479 U.S. 846 (1986).

The State filed a motion to allow testimony of L.H. and N.H. regarding incidents of sexual abuse by the appellant in 1979. At that time, the mother of L.H. and N.H. was married to the appellant. The girls were living in the same household with their mother and the appellant. Detective Pamela Horn testified at the pretrial motion hearing regarding her interviews with the two girls, who at the time of trial were ages 18 and 19. L.H. had told her that on one occasion, when she was 11, defendant had rubbed his thumbs against her vagina. N.H. told her that when she was 10 defendant had placed a finger in her vagina and also had licked her vagina. The police reports showed that the defendant in this case had been convicted of the offenses against L.H. and N.H. The State contended the evidence was admissible under K.S.A. 60-455 to prove intent and/or identity.

The defense challenged admission of the evidence on the basis that the incidents with L.H. and N.H. were different from those alleged in this case, that the prior incidents were not relevant to show intent, that neither identity nor intent were disputed issues in this case, and that the prejudicial effect of the evidence outweighed its probative value. The district court recognized the prejudicial nature of the evidence but granted the State's motion to present the evidence for the purpose of proving intent and identity. At trial, L.H. and N.H. testified regarding the specific details of each incident. Prior to their testimony, the trial court cautioned the jury that the testimony was to be considered

only on the issues of identity and intent. In two of the incidents described by N.H., she had been awakened by the appellant touching her vagina and placing his mouth on her vagina. The appellant admitted during his testimony that he had committed the acts described by L.H. and N.H.

The appellant first argues that, because intent was not substantially in issue in this case, the prior convictions were not admissible to prove intent. In *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247 (1976), this court stated:

" '[M]ateriality,' for purposes of K.S.A. 60-455, contemplates a fact which has a legitimate and effective bearing on the decision of the case *and* is in dispute. If the fact is obvious from the mere doing of an act, or if the fact is conceded, evidence of other crimes to prove that fact should not be admitted because it serves no purpose to justify whatever prejudice it creates." 220 Kan. at 156.

Appellant in his brief appears to make a distinction between general and specific intent crimes when prior crimes evidence is submitted for the purpose of proving intent. However, whether the crime charged is a general or specific intent crime is not the test. In *State v. Graham,* 244 Kan. 194, 768 P.2d 259 (1989), we stated:

"The crucial distinction in admitting other crimes evidence under 60-455 on the issue of intent is not whether the crime is a specific or general intent crime, but whether the defendant has claimed that his acts were innocent. Where criminal intent is obviously proved by the mere doing of an act, the introduction of other crimes evidence has no real probative value to prove intent."

We agree with the appellant that the testimony of L.H. and N.H. was not properly admissible under K.S.A. 60-455 to prove the element of intent.

Appellant also asserts that identity was not an issue and therefore the admission of the prior crimes testimony, since it was highly prejudicial, constitutes reversible error. We do not agree with this contention. In *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974), the leading case on the admissibility of evidence pursuant to K.S.A. 60-455, Justice Prager set forth eleven basic principles to be considered. Principle number eleven reads:

"11. Where a similar offense is offered for the purpose of proving *identity,* the evidence should disclose sufficient facts and circumstances of the other offense to raise a reasonable inference that the defendant committed both of the offenses. In other words to show that the same person committed two offenses it is not sufficient simply to show that the offenses were violations of the same or a similar

statute. There should be some evidence of the underlying facts showing the manner in which the other offense was committed so as to raise a reasonable inference that the same person committed both offenses. As pointed out by Mr. Justice Kaul in *State v. Johnson*, 210 Kan. 288, 502 P.2d 802:

‘ "The quality of sameness *is* important when pondering the admission of other crimes to prove identity. (p. 294.)" ’ " 215 Kan. at 177.

In the instant case the earlier events involving L.H. and N.H. were remarkably similar to the events testified to by the four young victims here. The appellant did not deny that the four girls may have been molested; he merely contended that he did not have anything to do with it. He also presented evidence that other men were at the house when some of the events allegedly took place and evidently implied that, if anything was done to the girls, it must have been someone else who did the acts to which the girls testified. In closing argument, defense counsel again alluded to the possibility that someone else may have committed the acts if they actually occurred.

It should also be noted that this issue first came up at a motion in limine heard by Judge Watson over a week prior to trial. At the beginning of the trial, Judge Kennedy again heard arguments on the admissibility of the prior crimes evidence. On neither occasion did the court actually know what the defense strategy would be or whether intent and/or identity would be an issue. In *Douglas v. Lombardino*, 236 Kan. 471, Syl. ¶ 2, 693 P.2d 1138 (1985), we held: "When a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal."

One of the reasons for the rule requiring an objection to the evidence during trial is clearly illustrated by this case. The judge at the hearing on the motion in limine, and again at the motion immediately preceding trial, had no way of knowing what the defense would be or whether intent and identity would be issues. The materiality of the proposed evidence may not become actually apparent until other evidence has been admitted. Here, the testimony of L.H. and N.H. was not presented until after the four young victims had testified. The court was then in a position to determine the similarity of the prior crimes and their relevance to the present case. Before Judge Watson, the entire argument was based upon the prejudicial nature of the proposed testimony.

The record does not disclose any objection during trial to the

testimony of L.H. and N.H. The court instructed the jury regarding the limited purpose of the evidence just prior to the testimony and again in the written instructions at the close of the trial. Based upon the record in this case, we do not find an abuse of discretion in admitting the testimony of L.H. and N.H. for the limited purpose of identity.

The second issue is whether the trial court abused its discretion by limiting the appellant's closing argument to 35 minutes, when 45 minutes was requested. The appellant contends that the limit imposed by the trial court was arbitrary and unreasonable, and deprived him of a fair trial as guaranteed by the Fourteenth Amendment.

The limitation of time for arguments of counsel is within the sound discretion of the trial judge. *United States v. Bednar*, 728 F.2d 1043, 1049 (8th Cir.), *cert. denied* 469 U.S. 827 (1984); *Butler v. United States*, 317 F.2d 249, 257 (8th Cir. 1963); *Samuels v. United States*, 232 F. 536, 543-544 (8th Cir. [Kan.] 1916); *State v. Dunkerton*, 128 Kan. 374, Syl. ¶ 2, 278 Pac. 57 (1929).

In this case, defense counsel specifically requested 45 minutes, arguing that the charges were serious and involved four different victims. The trial court noted that there had been only two days of testimony, and that while the seven charges involved four victims, only two different criminal offenses were alleged. The court allotted 35 minutes for argument, ten minutes less than requested.

A review of the transcript of appellant's closing argument reveals that counsel had sufficient time to address the testimony of each of the victims, pointing out inconsistencies and raising questions about the veracity and credibility of the witnesses. Defense counsel used all of the time allotted. However, appellant has not indicated what issues, if any, the time limitations precluded him from raising in closing argument; nor has he shown any prejudice as a result of being limited to 35 minutes. No abuse of discretion has been shown.

The third issue is whether prosecution of Count VII was barred because the prosecution did not commence within the statutory time limitation. As amended at trial, Count VII charged appellant with oral copulation with a child under 16 to whom he was not married, and alleged that the act occurred sometime

between September 1, 1984, and September 1, 1985. Prosecution of appellant commenced on or about November 6, 1986, when the information was filed and presumably a warrant was delivered to the sheriff for execution. K.S.A. 1987 Supp. 21-3106(6).

As a general rule, a prosecution must be commenced within two years after the alleged offense is committed. K.S.A. 1987 Supp. 21-3106(3). If the conduct alleged in Count VII occurred between September 1, 1984, and November 5, 1984, the prosecution did not commence within two years. However, if the alleged offense occurred between November 6, 1984, and September 1, 1985, the prosecution was commenced within two years. Since the testimony of the victim was not specific as to time and as nothing in the record reveals exactly when the jury believed the incident took place, the parties apparently agree that the facts must be construed in the manner most favorable to the appellant; in other words, they appear to assume for purposes of argument that the offense occurred prior to November 6, 1984. The State does not contend that the limitation period in this case was extended by any of the factors listed in K.S.A. 1987 Supp. 21-3106(4).

Effective July 1, 1986, the legislature amended the statute of limitations on prosecution of criminal offenses to extend the time period during which the State may initiate prosecution of certain sex offenses against child victims under age 16. K.S.A. 1987 Supp. 21-3106(2) requires that prosecution for aggravated criminal sodomy and indecent liberties with a child, among other offenses, must commence within five years after commission of the offense. If the amendment applies to this case, prosecution of Count VII was clearly commenced within the statutory time limitation.

The five-year limitation for sex offenses against children became effective July 1, 1986, before the pre-amendment limitation period of two years would have expired for this offense, and before prosecution was commenced on or about November 6, 1986. Appellant nevertheless argues that if the offense was committed as early as September 1, 1984, the two-year limitation period would have expired before the information was filed on November 6, 1986. He contends that the amendment affects substantive rights and therefore cannot be retroactively applied to offenses committed prior to its effective date. Even if it could,

appellant argues that retroactive application of the amendment would violate the constitutional prohibition against ex post facto laws.

In response, the State argues that the five-year period applies because the original two-year period of limitation had not expired as to this offense when the amendment became effective. The State argues that the amendment is merely procedural, that the legislature extended the limitation period so as to prosecute as many offenders as possible, and that extending the time period for commencing prosecution of an offense does not affect any accrued right in this case since appellant was still subject to prosecution under the former statute when the amendment took effect. The State also relies upon cases from other jurisdictions which hold that retroactive application of extended limitation periods to offenses committed prior to the effective date of the amendment does not violate the ex post facto clause of the Constitution.

This court has held that statutes of limitation are measures of public policy entirely subject to the will of the legislature. *State v. Bentley*, 239 Kan. 334, 339, 721 P.2d 227 (1986); *State v. Mills*, 238 Kan. 189, 191, 707 P.2d 1079 (1985). The 1986 amendment is silent as to whether it is to apply to offenses committed prior to its effective date. While it is often said that it is a general rule of statutory construction that a statute will operate prospectively unless its language clearly indicates the contrary, that rule is modified where the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties. *State v. Hutchinson*, 228 Kan. 279, Syl. ¶¶ 6,7, 615 P.2d 138 (1980). In *Hutchinson* we stated:

"As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished." 228 Kan. at 287.

While we have found no Kansas case directly on point, this court has held in *civil* cases that "statutes of limitation are considered 'remedial' rather than 'substantive' in that they bar only the remedy and not the right." *Strecker v. Wilkinson*, 220 Kan. 292, 298, 552 P.2d 979 (1976); *In re Estate of Wood*, 198 Kan. 313, Syl. ¶ 1, 424 P.2d 528 (1967).

The Seventh Circuit Court of Appeals has held that extending

a criminal statute of limitations before a given prosecution is time-barred by the former limitation period does not violate the ex post facto clause because such a change is "merely procedural." *United States ex rel. Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir. 1982), *cert. denied* 460 U.S. 1037 (1983).

Although there are cases to the contrary, it appears the better reasoned rule in other jurisdictions is that a criminal statute of limitations is remedial or procedural and any amendment to an existing statute which extends the time for prosecution may be applied to crimes committed prior to the statutory change so long as the prior statute of limitations had not run at the time the amendment became effective.

The Supreme Judicial Court of Massachusetts addressed a similar situation in the very recent case of *Commonwealth v. Bargeron,* 402 Mass. 589, 524 N.E.2d 829 (1988). The defendant was charged with three counts of assault with intent to rape, alleged to have occurred in November 1979, January 1980, and April 1980. Two of the counts involved child victims. At the time the offenses occurred, the statute of limitations provided six years for commencement of prosecution. However, effective September 30, 1985, an amendment took effect extending the limitation period to ten years. The original six-year period had not yet run for any of the offenses charged at the time the amendment became effective. The defendant was indicted on March 18, 1987, more than six years but less than ten years from the dates the offenses allegedly occurred.

The defendant challenged application of the extended limitation period on both statutory and constitutional grounds. As in our case, the amendment was silent as to whether it was to be applied retroactively. Massachusetts case law had previously approved retroactive application in civil cases of procedural or remedial statutes containing no language calling for retroactive application. The court concluded that there was no *statutory* barrier to retroactive application of the extended limitation period to the offenses charged, reasoning as follows:

"A canvass of cases throughout the country reveals a hopeless split among the jurisdictions. Some States categorically apply a subsequent statute of limitations to offenses not already time-barred when the new statute of limitations becomes effective. In other jurisdictions, the legislative intent is crucial as to whether the amended statute of limitations should apply retrospectively. Finally, in some jurisdictions, the courts have simply declared that the statute of limitations is substantive and, hence, may operate only prospectively.

"It may be argued that the Legislature recognized the delays commonly and understandably associated with a child's report of sexual abuse and wished to accommodate such delays by an extention of the statute of limitations. It makes good sense for the Legislature to consider what is increasingly one of the great scourges of our society—the sexual abuse of children. We have a right to consider the precise evil which is targeted in legislation under review. See *Commonwealth v. Collett*, 387 Mass. 424, 432[, 439 N.E.2d 1223] (1982). Accordingly, it is not reasonable to assume that the Legislature intended to delay the application of the new ten-year statute of limitations which would eventuate if the amendment applied only to crimes occurring after its enactment.

"Moreover, apart from legislative intent, the extension of the statute of limitations is remedial and procedural, not substantive. *United States ex rel. Massarella v. Elrod*, 682 F.2d 688, 689 (7th Cir. 1982). 'Statutes relating merely to the remedy or procedure which do not affect substantive rights are generally held to operate retroactively.' *Commonwealth v. Greenberg*, [339 Mass.] at 578-579, [160 N.E.2d 181 (1959)]. *People v. Masry*, 179 Cal. App. 3d 1149[ 225 Cal. Rptr. 174] (1986)." 402 Mass. at 592-94.

We concur in the reasoning of the Massachusetts court and hold that an amendment to a criminal statute of limitations extending the time for commencement of a prosecution is remedial or procedural, not substantive, and may be applied to crimes committed prior to the effective date of the amendment so long as the prior statute of limitations had not expired prior to the effective date of the amendment. Of course, if the statute being amended has run on the specific crime charged, then the amendment cannot be applied to resurrect a prosecution which has already been time-barred.

Appellant asserts, however, that even if a criminal statute of limitations is not substantive it cannot be applied retroactively because to do so would violate the constitutional prohibition against ex post facto laws. We do not agree. The great weight of authority is consistent with the general rule set forth in 21 Am. Jur. 2d, Criminal Law § 224, p. 410:

"Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto."

Both parties to this appeal cite *State v. Creekpaum*, 732 P.2d 557 (Alaska App. 1987). However, that decision was reversed on April 15, 1988, by a unanimous Alaska Supreme Court in *State v. Creekpaum*, 753 P.2d 1139 (Alaska 1988). Robert Creekpaum

allegedly sexually assaulted a nine-year-old girl on March 12, 1980. On May 17, 1985, more than five years later, he was indicted for the offense. At the time the offense was allegedly committed, Alaska statutes provided for a five-year limitation on the commencement of prosecution. However, in 1983, before the five-year limitation period had expired on the offense, the Alaska Legislature extended the period during which prosecution could commence for offenses committed against children under 16. Unlike our amendment, the Alaska statute explicitly provided that it was applicable to offenses committed more than five years before the Act's effective date. The *Creekpaum* prosecution was timely commenced under the amendment, and the issue was whether the application of the amendment to Creekpaum's case would amount to an unconstitutional ex post facto law.

The Alaska Supreme Court analyzed recent United States Supreme Court cases dealing with the prohibition against ex post facto laws, including *Miller v. Florida,* 482 U.S. 423, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987); *Weaver v. Graham,* 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981); and *Dobbert v. Florida,* 432 U.S. 282, 53 L. Ed. 2d 344, 97 S. Ct. 2290 (1977). The Alaska Supreme Court applied the two-step analysis prescribed in *Weaver* and *Miller* for determining whether a statute is an ex post facto law. That same analysis was adopted by the Kansas Court of Appeals in *State v. Anderson,* 12 Kan. App. 2d 342, 344, 744 P.2d 143 (1987):

"For a criminal or penal law to be ex post facto, two elements must be present: the law 'must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.' *Weaver,* 450 U.S. at 29; *Stokes v. Orr,* 628 F.Supp. 1085, 1086 (D. Kan. 1985)."

The *Creekpaum* court noted that the new statute was explicitly retroactive because of its language applying the extended period to offenses committed during or after the five years immediately preceding its effective date. However, it rejected Creekpaum's argument that the new law was more onerous to him than the old and therefore met the second prong of the ex post facto analysis. Since the extended limitation period did not affect the crime for which he was indicted, the prescribed punishment, or the burden of proof necessary to establish guilt, it was not disadvantageous to him for purposes of the ex post facto analysis. See *Miller,* 482 U.S. at 431-33; *Dobbert,* 432 U.S. at 294; *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648 (1798). After citing

other federal court cases as precedents, the Alaska court concluded that the extension of the statute of limitations for the offense with which Creekpaum was charged, before the original limitation period had expired, did not violate either the federal constitutional prohibition against ex post facto laws or its counterpart in the Alaska Constitution.

In *State v. Hodgson*, 44 Wash. App. 592, 603, 722 P.2d 1336 (1986), *aff'd* 108 Wash. 2d 662, 740 P.2d 848 (1987), the court held that retroactive application of a similar amendment did not constitute a violation of the ex post facto clause, reasoning:

"[L]engthening the limitation period before the prosecution is barred does not aggravate the crime, increase the punishment, or allow the offender to be convicted under legal rules permitting different testimony. Courts uniformly hold that extending the statute of limitation before a prosecution is barred is not ex post facto."

See *Commonwealth v. Bargeron*, 402 Mass. at 590-91.

We agree with the general rule. The amendment here does not violate the constitutional bar against ex post facto laws, and the commencement of the prosecution of Count VII within the extended period of the statute of limitations was timely.

The fourth issue is whether the evidence was sufficient to convict appellant of the charges contained in Counts I, II, III, VI, and VII of the information. Appellant does not challenge the sufficiency of the evidence to support Counts IV and V, both involving the victim D.E. Appellant does challenge the credibility of the testimony of T.A., C.P., and J.P., the other three alleged victims. Each of the victims testified to all of the necessary factual elements to support a conviction on the charges pertaining to each victim.

"In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of a charge are sustained." *State v. Dunn*, 243 Kan. 414, 429, 758 P.2d 718 (1988).

It is not the function of the appellate court to reweigh evidence or determine the credibility of witnesses. *State v. Myatt*, 237 Kan. 17, 29-30, 697 P.2d 836 (1985).

While cross-examination brought out inconsistencies in the

testimony of the young witnesses, an appellate court looks only to the evidence supporting the verdict. The jury heard all of the testimony, observed the demeanor of the witnesses, and was clearly made aware of the alleged inconsistencies in final argument. In addition, much of the testimony of the four girls was corroborated by Detective Horn in her testimony and by other evidence. We conclude that under our standard of review the evidence was sufficient to support the convictions.

Appellant's remaining argument concerning the sufficiency of the evidence, along with his fifth and sixth issues, all relate to the ruling of the trial court permitting the State to amend Counts VI and VII of the information at the close of the State's case.

Count VI originally charged Nunn with engaging in sexual intercourse with J.P. between October 1, 1986, and October 31, 1986. At trial, the State orally amended the information by deleting the one-month time frame and substituting the one-year period "between the 1st day of September, 1985 and the 3rd day of September, 1986."

Count VII originally charged Nunn with engaging in oral copulation with J.P. between September 1, 1986, and September 14, 1986. At trial, the two-week time frame in 1986 was amended by substituting a one-year period "between the 1st day of September, 1984 and the 1st day of September, 1985." The motion to amend was sustained as to each count over the objection of defense counsel.

Appellant asserts that (1) the complaints were never properly amended; (2) the late amendment prejudiced his substantial rights in that he was unable to present a defense against the new time frames; and (3) the information as amended was indefinite and failed to meet constitutional standards because of the one-year time frame of the amendments.

J.P., the victim in Counts VI and VII, was only twelve years of age at the time the original complaint was filed in November 1986, and could not be specific in her testimony as to the dates when the alleged acts of sexual intercourse and oral copulation took place. Her only frame of reference as to the time of the occurrences was to tie them to her grade level in school. When the testimony at trial revealed the acts occurred during an entirely different time frame from those alleged in the complaint, the State was allowed, over defense counsel's objection, to

amend the two counts to conform to the evidence as presented at trial.

After the State's motion to amend the complaint was sustained, no attempt was made to file an amended complaint or to amend the existing complaint by interlineation. Instead, the amendment was included in the journal entry of judgment, which was not filed until April 20, 1987, some three weeks after the completion of trial. As is customary, the journal entry was not prepared until after the hearing on post-trial motions and sentencing, which did not take place until April 13, 1987.

K.S.A. 1987 Supp. 22-3201(2) provides that the information shall be a written statement. K.S.A. 1987 Supp. 22-3201(4) provides: "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

The appellant argues that the State failed to properly amend Counts VI and VII of the information, and, since the State's evidence did not conform to the original information, the evidence does not support a guilty verdict on either count. Appellant essentially contends that amendments to a criminal information may be made only in writing, either by filing a new complaint or by interlineation on the original complaint, citing *State v. Wilson*, 240 Kan. 606, 608, 731 P.2d 306 (1987). Since the amendments in this case were made orally, he argues that the State is bound by the original written information.

The State, in response, relies upon the recent case of *State v. Rasch*, 243 Kan. 495, Syl. ¶¶ 3, 4, 758 P.2d 214 (1988), in which this court held that an information may be orally amended under certain circumstances.

In *State v. Wilson*, 240 Kan. 606, the appellant was convicted of second-degree murder. The information purported to charge first-degree murder, but omitted some of the essential elements of that offense or any other degree of criminal homicide. The State argued that the information had been amended during trial to charge first-degree murder. However, the prosecutor had not made a written motion to do so, nor was an oral motion made for the record. Nevertheless, the trial court allowed the State to amend to conform to the evidence. No amended information was ever filed, nor was the original information changed by interlin-

eation. The precise wording of the desired amendment was never stated for the record. Under these circumstances, this court held that the information was never amended. The court concluded:

"Where leave is granted to the prosecution to amend an information, the amendment must be made either (a) by filing an amended information, or (b) by striking out or writing in the pertinent matter by interlineation upon the document on file." 240 Kan. at 608.

The court also noted that any amendment of the information to charge an offense for the first time during trial would be barred by the explicit language of K.S.A. 1987 Supp. 22-3201(4).

This case is clearly distinguishable from *Wilson*. Here, the prosecution made an express motion on the record to amend the information. The motion was very specific as to the desired changes in the alleged time frames for the two offenses. A journal entry was filed subsequent to trial reflecting the amendments in writing. No additional offense was charged in the amended information; only the time spans during which the offenses allegedly occurred were altered.

On the other hand, *State v. Rasch*, 243 Kan. 495, relied upon by the State, is also distinguishable. In *Rasch*, the appellant challenged his four convictions of aggravated robbery in part because the State had not amended the jurisdictionally defective complaint by interlineation or by filing an amended complaint. The original complaint omitted an essential element of the offense of aggravated robbery. Nearly two months before trial, the prosecutor recognized the omission and orally moved to amend the complaint. A journal entry was filed granting the motion to amend by specifically inserting the necessary language in each count charging aggravated robbery. The journal entry noted that the defendant had no objection to the amendments proposed by the State. The State argued that the journal entry cured the defective complaint.

The *Rasch* court cited *State v. Wilson*, 240 Kan. 606, as indicating "a willingness to accept an oral amendment to cure a jurisdictionally deficient information." 243 Kan. at 500. The court then noted that in *Rasch* the prosecutor made a specific motion to amend the complaint; the defendant failed to express any objection to the amendment; and a written journal entry was filed documenting the amendment four days after the oral mo-

tion was granted and nearly two months before trial, stating the amendment with particularity and specifying the exact places where the amended language was to be inserted in the complaint. The court concluded:

"When the defendant and his attorney are present and permission is obtained from the judge, the State may orally amend the complaint or information at any time before the verdict or finding, if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced. . . . The amendment to the complaint or information may be shown by interlineation on the complaint or information, by the filing of an amended complaint or information, *or by a journal entry stating the amendment to the complaint or information.* We agree with the State's reasoning that its oral motion stating the amendment, followed by a written journal entry of the amendment made on the record with the defendant and his attorney present and later approved by defendant's counsel, gave Rasch adequate notice of the crimes with which he was charged and satisfied all jurisdictional requirements." 243 Kan. at 501. (Emphasis added.)

In *State v. Dodd*, 11 Kan. App. 2d 513, 728 P.2d 402 (1986), the court allowed an oral amendment of the information to conform to the evidence. Both the prosecution and the trial judge failed to amend the information in writing. The appellate court recognized the validity of an oral amendment and held that "the failure to file an amended information in writing was not reversible error." 11 Kan. App. 2d at 515. *Cf. Cox v. State*, 205 Kan. 867, 875, 473 P.2d 106 (1970) (oral amendment of information to proceed on lesser charge).

In the instant case, the original information is not challenged as having been jurisdictionally defective. The information was orally amended on March 26, 1987, the second day of the three-day trial. The defense objected to the motion, but it was granted, and a journal entry memorializing the court action was filed after the trial had been completed. The statute provides that a complaint or information may be amended "at any time before verdict." When the motion to amend is made during trial, must the prosecution, if the motion is granted, seek to delay the trial while the necessary paperwork is done to complete the record? We think not. Absent any showing of prejudice to the defendant, when the amendment is made during trial with the defendant and defense counsel present, the amendment is effective immediately. The court's action is not invalidated because a written journal entry is not filed until after the trial has been completed. Under the circumstances of this case, we hold that procedurally the complaint was validly amended as to Counts VI and VII.

Appellant next asserts that the amendment of the two counts substantially prejudiced his ability to defend against the allegations of the complaint due to the changes in the time frames when the acts allegedly occurred. The changes in the time frames were substantial. The one-month time frame in Count VI of October 1, 1986, to October 31, 1986, was changed to a year-long period between September 2, 1985 and September 3, 1986. Likewise, the two-week period in September 1986, originally set forth in Count VII, was changed to a one-year period between September 1, 1984, and September 1, 1985.

The appellant contends that his right to present a defense was impaired by completely changing the time frame during which two of the alleged offenses occurred. He contends that the amendments essentially allowed the victim in Counts VI and VII, J.P., to change her story, but did not permit the defendant to prepare a defense as to the amended time frames. In response, the State argues that the appellant has failed to show his rights were prejudiced by the amendments, since his defense was a general denial that he ever committed any of the offenses with which he was charged.

In *State v. Ferguson*, 221 Kan. 103, 558 P.2d 1092 (1976), the defendant was originally charged with committing an offense on or about July 1, 1974. During trial, the court granted the State's motion to amend the date of the offense to on or about May 21, 1974, and on or about June 7, 1974. The defense successfully requested a continuance until the next day. At the close of the defendant's case, the State amended the information again to delete the reference to May 21, 1974. On appeal, this court quoted K.S.A. 22-3201(4) and concluded:

"The fact the dates were amended to conform with the evidence is not prejudicial. It was not a critical issue. No statute of limitations was involved. Alibi was not a defense to make dates important. Time was not an element of the offense. (*State v. Sisson*, 217 Kan. 475, 536 P.2d 1369.) This court has approved amending dates in an information where such factors are not critical. (*State v. Reed*, 214 Kan. 562, 565, 520 P.2d 1314; *State v. Osbey*, 213 Kan. 564, 569, 517 P.2d 141.) Furthermore, a continuance was granted to defendant when the dates were first amended. There is nothing in the record to support his allegation the jury was confused." 221 Kan. at 105-06.

In *State v. Howard*, 224 Kan. 208, 579 P.2d 702 (1978), appellants were charged with committing one offense on September 25, 1975, and another on September 29, 1975. During

trial, at the close of the State's case, the information was amended to conform to the proof to allege commission of the first offense on September 27, 1975, and the other on September 26 or 27, 1975. Appellants contended they were substantially prejudiced by the amended complaint because they were unable to adequately prepare any sort of defense for the dates alleged in the amended information. The court concluded that the circumstances reflected in the record failed to establish prejudice to the appellant's substantial rights.

In *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), the defendant was convicted of one count of aggravated indecent liberties with a child. Among other issues on appeal, he argued that the trial court erred by permitting the State on the day of trial to amend the complaint to change the date of the alleged offense. The complaint originally alleged the offense was committed on or between October 13 and October 24, 1983. As amended, the complaint alleged that the offense occurred on October 10, 1983. The court noted that the appellant did not assert an alibi defense, but rather simply argued that his defense was prepared in response to the dates in the original complaint. The court concluded that the date of the offense was not material to any defense asserted at trial, and that no prejudice was shown.

In *State v. Dodd*, 11 Kan. App. 2d 513, 728 P.2d 402 (1986), the information originally charged defendant with unlawful possession of a firearm on *or about* June 26, 1985. The State's evidence was directed to the period between November 4, 1983, and June 26, 1985. The prosecution's motion to amend the information to conform to the evidence was granted. As amended, the information charged that the offense was committed on *or before* June 26, 1985. On appeal, the defendant argued that his substantial rights were prejudiced because the amendment was not made until after the close of the State's evidence. The court, relying upon *Ferguson*, noted that time is not an essential element of unlawful possession of a firearm, that the defendant had not asserted an alibi defense, and that no statute of limitations was involved. The panel held there was no reversible error.

In *State v. Wonser*, 217 Kan. 406, 407, 537 P.2d 197 (1975), this court held that time is not an indispensable ingredient of the offense of indecent liberties with a child, and that failure to specify a definite date and time for the alleged offense did not

deprive the defendant of his Sixth Amendment right to know the nature and cause of the accusations against him. Nor is time an indispensable ingredient of aggravated criminal sodomy, the offense alleged in Count VII. Appellant did not assert an alibi defense in the instant case. In his testimony, he simply denied fondling or taking any sexual actions toward any of the four alleged victims at any time. He testified that each of the victims was lying. Under the circumstances and the defense presented in this case, appellant has not shown how the amendments prejudiced his defense to Counts VI and VII. It was for the jury to determine what weight and credibility should be given to the testimony of J.P. in light of the changed dates and inconsistencies in the evidence. The argument lacks merit.

The appellant's next challenge is that his Fourteenth Amendment right to due process of law was violated when the prosecution was permitted to orally amend Counts VI and VII of the information. The appellant contends that the amended information did not adequately apprise him of the charges against him because Counts VI and VII, as amended, alleged that each of the offenses occurred within a one-year time frame. He argues that the one-year time frame in which each of the offenses allegedly occurred had the effect of precluding preparation of any meaningful defense.

K.S.A. 1987 Supp. 22-3201(2) reads in part:

"(2) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense."

Time is not an indispensable ingredient of either indecent liberties with a child, *State v. Sisson*, 217 Kan. 475, Syl. ¶ 2, 536 P.2d 1369 (1975); *State v. Wonser*, 217 Kan. at 407, or aggravated criminal sodomy.

In *Sisson*, this court noted: "Where a prosecution is not commenced promptly after the alleged commission of an offense or the event is not otherwise brought to public notice, it is not unusual for uncertainty as to dates to appear particularly where the memories of children are involved." 217 Kan. at 478. The appellant in this case did not attempt to assert an alibi defense

based upon the more specific time frames in the original information; he simply denied having ever committed any sexual acts towards the complainants. Appellant has not demonstrated that he was misled or prejudiced in making his defense by the amendment concerning the dates of the offenses charged.

The appellant has cited no case holding that a one-year time frame for commission of an offense is so vague and uncertain as to render the information constitutionally insufficient absent some showing of prejudice.

In *State v. Brooks*, 33 Kan. 708, 7 Pac. 591 (1885), this court held that an information filed October 15, 1884, alleging that the defendant unlawfully sold liquor on the "_____ day of _____, 1884," was sufficiently definite as to time.

Appellant has not demonstrated that the amendments violated his due process rights or resulted in a constitutionally deficient complaint.

The last issue is whether an excessive sentence was imposed for Count VII of the information as amended at trial. Appellant was sentenced to a term of 30 years to life for the offense charged in Count VII, which the State and the trial court denominated aggravated criminal sodomy, a class B felony. K.S.A. 1987 Supp. 21-3506(2). Pursuant to the habitual criminal statute, K.S.A. 1987 Supp. 21-4504, the sentencing court imposed a minimum term of 30 years, twice the greatest minimum sentence authorized by K.S.A. 1987 Supp. 21-4501(b) for class B felonies. The court imposed a maximum term of life, as authorized by K.S.A. 1987 Supp. 21-4501(b).

The appellant argues that from September 1, 1984, until the statute was amended on July 1, 1985, the conduct with which appellant was charged in Count VII was proscribed by both the aggravated criminal sodomy statute (K.S.A. 1987 Supp. 21-3506[a]) and the statute defining the offense of indecent liberties with a child, a class C felony (K.S.A. 1984 Supp. 21-3503[1][b]). Appellant contends that his sentence on Count VII should have been based upon the statutory limits for class C felonies rather than those for class B felonies. The State concedes that the statutory penalty section for class C felonies should have been applied as to Count VII, and agrees that the case should be remanded for resentencing or correction of the sentence on that count. We agree with the parties.

This same issue was before the court in *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), where the defendant was convicted of aggravated criminal sodomy for an incident that occurred in May 1985. Clements contended on appeal, among other things, that the trial court should have instructed the jury on indecent liberties with a child as a lesser included offense. The State conceded that the allegations would have supported a charge of either aggravated criminal sodomy or indecent liberties with a child as defined by K.S.A. 1984 Supp. 21-3503(1)(b), and that the two offenses were identical except as to the applicable penalty. This court concluded:

"Where identical offenses are involved, the question is not truly a matter of one being a lesser included offense of the other. Each has identical elements and the decision as to which penalty to seek cannot be a matter of prosecutorial whimsy in charging. As to identical offenses, a defendant can only be sentenced under the lesser penalty. Here, it would have been the better practice to have instructed on indecent liberties with a child, but the error could have been remedied by sentencing defendant as having been convicted of a class C felony rather than a class B felony. Accordingly, the sentence imposed herein must be vacated." 241 Kan. at 83.

Where two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision.

This case is remanded to the trial court with directions to correct the sentence imposed on Count VII to conform to the penalties for a class C felony rather than a class B felony. In all other respects the judgment is affirmed.

ALLEGRUCCI, J., concurs in the result.