Jeffrey L. SCOTT, Petitioner,

v.

Raymond ROBERTS, et al., Respondents.

No. 89–3350–S.

United States District Court,
D. Kansas.

Nov. 13, 1991.

Jeffrey L. Scott, pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Lansing Correctional Facility, Lansing, Kansas. Respondents filed an answer and return to the petition. Petitioner filed no response. The matter is ready for disposition. The court determines that an evidentiary hearing is not necessary, as the issues can be resolved on the basis of the record. *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); *Cartwright v. Maynard*, 802 F.2d 1203, 1216 (10th Cir.1986), *aff'd*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

Petitioner was convicted in state court of taking indecent liberties with a child, K.S.A. 21–3503 (1982). The petition for a writ of habeas corpus sets forth three allegations of error. First, petitioner alleges the trial court denied petitioner's constitutional right to compulsory attendance of a defense witness. Second, petitioner claims the trial court erred in not granting petitioner's motion for judgment of acquittal. Third, petitioner contends there was not sufficient evidence that the alleged wrongdoing occurred at the time and location charged in the information.

### Right to Compulsory Attendance of Defense Witness

During his criminal trial, petitioner intended to have the victim's mother (Debbi Hahn) testify as a defense witness. As Hahn resided in Minnesota, petitioner proceeded under the Uniform Act to Secure Attendance of Witnesses from Without State, K.S.A. 22–4201 et seq.[1] On the day of the trial, December 4, 1990, petitioner requested a continuance because Hahn was not present to testify. Petitioner also requested the trial court judge to issue a certificate under the uniform act, and to sign a warrant for Hahn's arrest. The trial court signed the certificate and warrant, and then the next day, December 5, denied the motion for a continuance. Later on December 5, petitioner renewed his motion for continuance, stating that he had discovered that Hahn was still in Minnesota, and that she had used the state advanced travel funds for other purposes. The trial court again denied the motion. Petitioner argues that he was denied his sixth amendment right to compulsory attendance of Hahn as a defense witness.

The sixth amendment right to compulsory process is applicable to state criminal proceedings through the fourteenth amendment. *Washington v. State of Tex.*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). Petitioner's right to due process under the fourteenth amendment grants petitioner the right to fair trial, which includes the right to present a defense. *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). Federal review, therefore, is limited to whether petitioner's right to due process was violated because petitioner was denied a fundamentally fair trial. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, *reh'g denied*, 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217 (1964).

█ It is well established that a request for a continuance is a matter within the

---

1. The record makes it clear that petitioner accomplished all steps required under the act to secure Hahn's presence at the trial.

trial court's discretion. *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). To warrant federal habeas relief, the denial of a continuance must not only be an abuse of discretion, but must also be so arbitrary and fundamentally unfair as to constitute a violation of due process. *Case v. Mondragon,* 887 F.2d 1388, 1396–97 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). *See· e.g., White v. State of S.C.,* 708 F.Supp. 1465, 1474 (D.S.C.1988), *aff'd,* 885 F.2d 867 (4th Cir. 1989) (although trial court may have abused discretion in denying motion for continuance, petitioner is entitled to habeas relief only if refusal was arbitrary and fundamentally unfair). There are no mechanical tests to be applied in determining whether denial of a continuance is so arbitrary as to violate due process. *Ungar v. Sarafite,* 376 U.S. at 589, 84 S.Ct. at 849. In making such a fundamental fairness evaluation, the court must focus on the need for the continuance and actual prejudice resulting from its denial. *Case* at 1397; *Conner v. Bowen,* 842 F.2d 279, 283 (11th Cir.), *cert. denied,* 488 U.S. 840, 109 S.Ct. 107, 102 L.Ed.2d 82 and 488 U.S. 864, 109 S.Ct. 164, 102 L.Ed.2d 135 (1988).[2]

■ In the present case, there is no dispute that petitioner exercised full diligence in attempting to secure Hahn as a witness. Petitioner intended to use Hahn to impeach the victim's testimony, and argued that Hahn was critical to his defense. The court is inclined to agree. First, the court notes that three separate state court judges signed various certificates, orders and subpoenas for obtaining Hahn's presence at the trial. In each document there was the finding or statement that Hahn was a material witness in the criminal proceeding. Second, impeachment testimony was vital as the victim's credibility was the critical issue. The jury essentially had to decide whether the victim or petitioner was telling the truth. Third, although petitioner first requested the continuance at the day of trial, the jury had not yet been selected or sworn in.[3] The trial had already been moved from December 2 to December 4 because weather conditions prevented two prosecution witnesses, also from Minnesota, from appearing on December 2.

However, as set forth above, even if this court were to find that the state trial court abused its discretion in denying the continuance, petitioner is not entitled to a writ of habeas corpus unless this court concludes that petitioner was denied his constitutional right to a fundamentally fair trial. Having examined the record, the court cannot reach that conclusion.

The court finds insufficient prejudice to petitioner resulted from the trial court's denial of a continuance. A police officer testified regarding statements made by pe-

---

**2.** The court must examine the record for grievous or egregious error to determine whether petitioner received a fundamentally fair trial. This is similar to the harmless error analysis under *Chapman v. State of Cal.,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh'g denied,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). *See e.g., Kirkpatrick v. Blackburn,* 777 F.2d 272, 280 (5th Cir.1985), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986) (once fundamental fairness established by egregious abuse of discretion in sentencing, application of second harmless error test would be superfluous). Petitioner must establish a reasonable probability that the outcome of the trial would have been different if he had been granted the continuance. *See, McFadden v. Cabana,* 851 F.2d 784, 788 (5th Cir.1988), *cert. denied,* 489 U.S. 1083, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989) (requisite showing of prejudice for denial of continuance is same as for allegations of ineffective assistance of counsel).

**3.** On appeal, the Kansas Court of Appeals found no abuse of discretion by the trial court in denying the motions for continuance, and referred to the fact that petitioner's motion for continuance was made after the jury had been empaneled. State court findings of fact are presumed to be correct, but only if "fairly supported by the record." 28 U.S.C. § 2254(d)(8), *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Petitioner argues that the state appellate court erred in finding the jury had been empaneled. The record demonstrates that petitioner is partially correct. Before the jury was empaneled, the trial court twice denied petitioner's motion for a continuance. At the close of the defense, petitioner requested a recess to obtain Hahn's testimony, and made a proffer of Hahn's testimony. The trial court denied the request.

titioner during the investigation of the victim's accusations. Except for petitioner's denial that there was intercourse, petitioner's statements to the investigating officer generally supported the victim's version of the events. The officer stated that petitioner admitted fondling and touching the victim, but could not recall whether he lay down on top of her. The officer also testified that petitioner indicated that petitioner had trouble remembering the event clearly because petitioner had been drinking and smoking marijuana earlier that evening.

The court finds this evidence is so damaging to petitioner's credibility that Hahn's testimony would not have created a reasonable doubt that petitioner was not guilty. The court concludes there is no reasonable doubt that Hahn's testimony would have changed the outcome of the trial, and that petitioner is not entitled to a writ of habeas corpus based on the trial court's denial of petitioner's motion for a continuance.

*Sufficiency of the Evidence*

Petitioner claims the trial court should have granted petitioner's request for judgment of acquittal because the victim's testimony was so incredible that no rational factfinder could find petitioner guilty beyond a reasonable doubt. The court rejects this conclusory claim outright. The only remaining question is whether there was sufficient evidence to support the conviction.

In reviewing for sufficiency of the evidence, both direct and circumstantial evidence must be examined in the light most favorable to the state to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).

Having reviewed the transcript of the state criminal proceeding, the court finds ample evidence was presented to the jury to support its verdict. The victim's testimony clearly established all of the essential elements of the charged offense.

Second, petitioner claims there was insufficient evidence to support a jury finding that any criminal activity occurred at a particular residence during January or February, 1985.

In this case, the information originally set forth the incident as occurring between January 1 and February 28, 1985. Later, the trial court granted the state's oral motion to expand the time period to the end of March 1985, to conform to trial testimony. The jury was instructed that they were to find the incident occurred between January 1 and March 31, 1985. Petitioner argues that the information was never properly amended to include the expanded time period.

Petitioner relies on the fact that the state never filed a written amended information which set forth the expanded time period. *See State v. Wilson*, 240 Kan. 606, 731 P.2d 306 (1987) (amendment with leave of court and in writing). Even if there was error in not filing a written amendment, the error violated state law. Such trial errors do not entitle petitioner to federal habeas relief unless petitioner can show he was denied a fundamentally fair trial. *See e.g., U.S. v. Jones*, 730 F.2d 593, 596 (10th Cir.1984) (no reversible error absent showing error prejudicial to substantial rights of defendant); *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir.1979), *cert. denied*, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980) (state trial court errors not involving violation of federal constitutional rights not cognizable in federal habeas case).

It is clear that the time of the offense is not an essential element to be proven by the state. Instead, the time of the event implicates due process concerns, such as whether the late amendment of the information impermissibly interfered with petitioner receiving adequate notice of the charge, or whether petitioner was denied an opportunity to present a defense. Here, the court finds no error of constitutional magnitude resulted from the enlargement of time period in the information. The record makes it clear that petitioner was aware of the general time and location of the alleged incident, and that the enlarge-

ment of the time period did not prejudice petitioner's defense.

In summary, the court finds petitioner has not demonstrated that his criminal conviction involved constitutional error, and concludes that petitioner is not entitled to a writ of habeas corpus.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus, and all other requested relief, is denied.