(728 P.2d 402)

No. 58,773

STATE OF KANSAS, *Appellee*, v. KIM DODD, *Appellant*.

Opinion filed November 20, 1986.

*Lucille Marino*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Russell D. Canaday*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., GARY W. RULON, District Judge, assigned, and JAMES W. BOUSKA, Associate District Judge, assigned.

ABBOTT, C.J.: This is a direct appeal by Kim Dodd from his conviction of unlawful possession of a firearm, contrary to K.S.A. 21-4204(1)(b). The sentence imposed was enhanced under the Habitual Criminal Act (K.S.A. 1985 Supp. 21-4504).

The defendant contends that the evidence is insufficient to sustain the conviction; that an authorized amendment of the information was not completed, thereby leading to a number of errors; and that the Habitual Criminal Act could not be used to enhance defendant's sentence for unlawful possession of a firearm.

## 1. Sufficiency of the Evidence.

In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Pink*, 236 Kan. 715, 729, 696 P.2d 358 (1985).

The jury had before it photographs of the defendant holding a firearm less than twelve inches in length. There was testimony from a witness, who appears in one of the photographs, that these photographs were taken sometime in April or May of 1985. Other witnesses testified that they had seen the defendant with a gun at various times in 1985. The defendant argues that the gun in the photographs was a starter gun used at track meets and not a firearm within the meaning of K.S.A. 21-4204. The jury had before it the testimony of one witness who said it was a starter gun. The prosecution effectively impeached this witness. A rational jury could reasonably conclude that the weapon was not a starter gun.

The defendant also argues that the State did not prove he "possessed" a firearm within its meaning as defined by case law. The defendant compares his alleged amount of control and management of the firearm with that of the defendant in *State v. Neal*, 215 Kan. 737, 529 P.2d 114 (1974). He argues that in *Neal* the defendant had more control over the firearm, and the Kansas Supreme Court reversed Neal's conviction for unlawful possession and granted him a new trial. What the defense fails to mention is that in *Neal*, the issue was whether the trial court erred in refusing to submit the defendant's requested instruction on possession to the jury. 215 Kan. at 738. There, the trial court did not instruct the jury that possession meant more than innocent handling of a firearm. This was essential to the defense. That is the reason the conviction was reversed. In the present case, instruction No. 9 clearly defines possession of a firearm as control of its management and use and not merely the innocent handling thereof. The jury therefore had the option of deciding, after hearing all the evidence, that defendant only innocently handled the gun. The jury chose to find otherwise, and the

evidence is ample to support the verdict. The remaining arguments concerning the sufficiency of the evidence are without merit.

2. Amended Information.

The information charged defendant with unlawful possession of a firearm on or about June 26, 1985. The prosecution requested and was granted permission to amend the information to conform to the evidence. Both the prosecution and the trial judge failed to amend the information in writing. The jury was instructed pursuant to the oral amendment. Defendant argues this resulted in the jury being allowed to convict him of an offense for which he had never been charged.

The amendment, even though it was oral, was made on the record. In *Cox v. State*, 205 Kan. 867, 875, 473 P.2d 106 (1970), the court considered the same problem in the context of double jeopardy and held an oral amendment made on the record to be binding. We therefore hold the failure to file an amended information in writing was not reversible error. See also K.S.A. 1985 Supp. 22-3201(4).

The defendant also argues the trial judge erroneously instructed the jury that it could convict the defendant if he possessed a firearm within a five-year period after his release from imprisonment for a felony. His argument is that the instruction increased the two-year statute of limitations applicable to this crime to a five-year period.

The trial court clearly erred in so instructing the jury. The offense must occur within the two-year statute of limitations applicable in this case. K.S.A. 21-3106(2). Simply put, the defendant could not willfully possess a firearm with a barrel less than 12 inches long within five years of being convicted of, or released from imprisonment for, a felony. Prosecution for a violation of 21-3106(2) must be commenced within two years of the offense.

Not all error is reversible error, and the trial court's error in instructing the jury that the act must have occurred within a five-year period instead of a two-year period is harmless error.

Defendant was released from prison on November 3, 1983. The defendant was charged on July 18, 1985. The information charged the crime was committed on or before June 26, 1985. All the evidence was directed at the time period between November

4, 1983, and June 26, 1985, a period of less than 20 months, which is well within the statute of limitations. Thus, defendant cannot show prejudice by virtue of the erroneous instruction, and the error is harmless.

Defendant also argues that when the district court instructed the jury it could find the defendant guilty if it found the offense had been committed within a five-year period, and it allowed an amendment of the information to that effect, it no longer had jurisdiction over the defendant and was powerless to pronounce judgment on him. In support of this argument, the defendant cites *State v. Minor,* 197 Kan. 296, 416 P.2d 724 (1966). In *Minor,* the information charged manslaughter in the fourth degree, but the defendant was convicted of manslaughter in the first degree. The court in that case stated that "a judgment of conviction for manslaughter in the first degree based upon an information which does not charge such offense is void for lack of jurisdiction of the subject matter." 197 Kan. at 299. Obviously, *Minor* is distinguishable from the present case in that here the information charged the defendant with unlawful possession of a firearm and the defendant was convicted of unlawful possession of a firearm. Defendant's argument is without merit.

*State v. Ferguson,* 221 Kan. 103, 558 P.2d 1092 (1976), is cited by defendant to support the allegation that defendant's substantial rights were prejudiced because the amendment to the information was not made until after the close of the evidence. In *Ferguson,* the original information charged commission of the offense on or about July 1, 1974. At trial the State moved to amend the date of the offense to on or about May 21, 1974, and on or about June 7, 1974. The defendant requested and was allowed a continuance until the next day. After the close of the evidence, the State's motion to amend was granted. 221 Kan. at 105. The defendant argued that the amendments changing the dates of the commission of the offense confused the jury. In holding that the amendment was proper, the Court in *Ferguson* noted:

"The fact the dates were amended to conform with the evidence is not prejudicial. It was not a critical issue. No statute of limitations was involved. Alibi was not a defense to make dates important. Time was not an element of the offense. (*State v. Sisson,* 217 Kan. 475, 536 P.2d 1369.) This court has approved amending dates in an information where such factors are not critical. (*State v. Reed,* 214 Kan. 562, 565, 520 P.2d 1314; *State v. Osbey,* 213 Kan. 564, 569, 517 P.2d 141.) Furthermore, a continuance was granted to defendant when the dates

were first amended. There is nothing in the record to support his allegation the jury was confused." 221 Kan. at 105-106.

Here, defendant concedes that time is not an essential element of unlawful possession of a firearm. See *State v. Rasler*, 216 Kan. 582, 533 P.2d 1262 (1975). Also, as in *State v. Ferguson*, alibi was not a defense. The date was not a critical issue and no statute of limitations was involved.

We do not find reversible error.

We have examined defendant's other arguments concerning the oral amendment and find them to be without merit.

### 3. Habitual Criminal Act.

Prior to this offense, the defendant had been charged with, and pled guilty to, armed robberies in Montgomery and Labette Counties. He was paroled from prison from those sentences on November 3, 1983.

The information charging the defendant with unlawful possession of a firearm after release for a felony identifies the underlying felony as "armed robbery on 5-17-79." Since the defendant pled guilty to two armed robberies in Montgomery County on that date, and had previously pled guilty to armed robbery in Labette County on May 7, 1979, it is obvious that none of the three armed robberies *occurred* on May 17, 1979. At the trial for unlawful possession of a firearm, evidence was introduced as to both the Montgomery and Labette County convictions. Also introduced at trial was evidence that the sentences from both convictions were to be served concurrently, and that defendant was paroled from both on November 3, 1983.

The jury was instructed that defendant was released from imprisonment for aggravated robbery. No dates or case numbers were included in the instructions, so it is unclear which conviction was used for the underlying felony element of the offense.

After the defendant was convicted of unlawful possession of a firearm, the trial judge, over defendant's objections, enhanced the defendant's sentence under the Habitual Criminal Act (K.S.A. 1985 Supp. 21-4504) which reads, in pertinent part, as follows:

"(a) If a defendant is convicted of a felony a second time, the punishment for which is confinement in the custody of the secretary of corrections, the trial judge may sentence the defendant as follows, upon motion of the prosecuting attorney:

"(1) The court may fix a minimum sentence of not less than the least nor more

than twice the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted; and

"(2) the court may fix a maximum sentence of not less than the least nor more than twice the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime.

. . . .

"(d) The provisions of this section *shall not be applicable to*:

"(1) Any person convicted of a felony of which *a prior conviction of a felony* is a *necessary element.*" (Emphasis supplied.)

The trial judge's reasoning was that only one conviction was used as an element in this case and the State could rely on the other conviction to enhance the sentence under the Habitual Criminal Act.

Defendant argues that the State relied on both the Montgomery and Labette County felony convictions to prove a necessary element of the firearm offense. We do not believe it matters how the crime was charged or whether the State relied on one or both charges. The issue is legislative intent in adopting 21-4504(d), coupled with the cardinal rule of construction that a criminal statute should put a reasonable person on notice of prohibited conduct when construed most strongly against the State.

The defendant relies on *State v. Porter*, 201 Kan. 778, 443 P.2d 360 (1968), *cert. denied* 393 U.S. 1108 (1969), and *State v. Ware*, 201 Kan. 563, 442 P.2d 9 (1968), for the proposition that a previous felony conviction, which was relied upon as a necessary element of the firearm offense, may not be used to invoke the Habitual Criminal Act. We do not deem *Porter* and *Ware* as controlling the issue before us. In *Porter*, two prior convictions were utilized to sentence the defendant as a "'three time loser'" under the Habitual Criminal Act. 201 Kan. at 779. *Porter* is distinguishable from the present case, in that here the prosecution is utilizing the two prior convictions in a different way. Instead of using them to convict defendant as a "three time loser," the prosecution is using one prior felony as an element of the offense, and one to invoke the Habitual Criminal statute to double, not triple, defendant's sentence. And in *Ware* only one prior felony conviction was involved, not two as in the present case. 201 Kan. at 565. *Porter* and *Ware* were decided under the predecessors of the present firearm statute and the present Habitual Criminal Act.

The Kansas Supreme Court has commented on this issue and we believe that language to be dispositive. In *State v. Turbe-*

*ville*, 235 Kan. 993, 1005, 686 P.2d 138 (1984), the Supreme Court said:

"The language of this provision is clear and unambiguous. It provides only that a conviction of a felony, *i.e.*, unlawful possession of a firearm, may not be enhanced where evidence of a prior conviction is a necessary element of that conviction."

The language quoted is dicta because Turbeville's sentence for unlawful possession of a firearm was not enhanced. The Supreme Court specifically noted the unlawful possession sentence was not enhanced because of 21-4504(d).

We thus conclude the trial court erred in enhancing the defendant's sentence under the Habitual Criminal Act.

The conviction is affirmed and the enhanced portion of the sentence is vacated.