NOT DESIGNATED FOR PUBLICATION

No. 121,083

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. STANFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed May 1, 2020. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*David E. Yoder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: In 2015, Terry L. Stanford was convicted of conspiracy to manufacture methamphetamine and obstruction of legal process or official duty after a bench trial on stipulated facts. His convictions and sentences were affirmed on direct appeal in 2017. After his direct appeal, Stanford filed his present motions, which in relevant part asked the district court to declare his conviction void on the grounds of a lack of subject matter jurisdiction and to resentence him because the district court failed to fully rule on his departure motion. The district court denied both motions. For reasons we more fully explain below, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this appeal were established in Stanford's direct appeal and need not be repeated. See *State v. Stanford*, No. 114,764, 2017 WL 1534779, at *1-2 (Kan. App.) (unpublished opinion), *rev. denied* 307 Kan. 993 (2017).

Of relevance to us is that on March 24, 2015, the parties reached a plea agreement. The State had originally charged Stanford with two counts of unlawful possession of ephedrine as well as one count each of manufacturing methamphetamine, possession of methamphetamine, theft, and possession of drug paraphernalia. The State later amended those charges to add one count of sexual exploitation of a child based on a computer disc allegedly containing child pornography found on Stanford's property. As part of the plea agreement, the State agreed to dismiss all the charges except one count of conspiracy to manufacture methamphetamine and one count of obstruction of legal process or official duty. It was also agreed that Count 1 would be orally amended from manufacture of methamphetamine to conspiracy to manufacture methamphetamine. Stanford, through his counsel, announced his agreement to this amendment to the district court because it gave Stanford the ability to argue for a dispositional departure to probation at sentencing, which would not be an option if he were convicted of manufacturing methamphetamine as originally charged.

Stanford stipulated to the State's oral amendment to Count 1 alleging conspiracy to manufacture methamphetamine and waived the filing of a formal written amended complaint, stating he understood the alleged charge. The following exchange occurred:

> "THE COURT:  Now, Mr. Yoder [the State], you indicated that you had not filed an amended complaint and I note that from the file. Mr. O'Hara [the Defense], are you comfortable proceeding without seeing a formal written complaint? I assume we could get one here, but—

"MR. O'HARA: Yes, Your Honor. I just spoke to the defendant to verify that, but we are comfortable that is the agreement of the parties. We have a journal entry reflecting that and the defendant understands the charges.

"THE COURT: Mr. Stanford, what your attorney just said to me is even though the State amended Count 1, they've not filed a formal written complaint showing that amendment, but your attorney, Mr. O'Hara, says that's not necessary, you understand the amended charge in Count 1 and you're comfortable proceeding today without seeing the complaint in writing—the amendment in writing, is that so?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. I'll accept the waiver of a formal filing of an amended complaint and we will proceed to trial to the Court sitting alone on the Count 1 as amended, conspiracy to unlawfully manufacture methamphetamine, a level one drug felony, as well as on Count 7, obstructing legal process or official duty, a level nine nonperson felony."

The agreement was reduced to writing in a signed journal entry.

The parties also agreed the case would be tried on stipulated facts. Stanford agreed on the record that he and his wife were jointly involved in the methamphetamine manufacturing process, and the district court specifically asked that he stipulate to the facts of a conspiracy with his wife to establish the elements of the amended conspiracy charge. Stanford then stipulated to a hand-written Stipulation of Facts for Bench Trial, which stated, in part: "The State further proffers, without Defense objection, that the Defendant and his wife Ramie knowingly cooperated and were jointly involved in the methamphetamine manufacturing-related items located in the property." Stanford also did not object to the admission of the Kansas Bureau of Investigation lab report that listed both himself and his wife as the suspects in the case and confirmed the presence of methamphetamine-manufacturing chemicals in numerous items seized from their

3

residence. The only objection Stanford had to the stipulated facts was to preserve his right to appeal the validity of the search warrant. He did not object to any of the facts supporting the elements of his criminal charges.

The district court subsequently held a bench trial based upon the stipulated facts and found Stanford guilty of conspiracy to manufacture methamphetamine and obstructing legal process or official duty. The district judge specifically found the written stipulation signed by the parties established that a conspiracy existed between Stanford and his wife.

Prior to sentencing, Stanford filed a departure motion. The written motion did not specify whether the request was for a downward durational or dispositional departure or both. At the sentencing hearing held July 1, 2015, Stanford's counsel specifically asked the district court to dispositionally depart to a grant of probation rather than a prison sentence. Later, Stanford's attorney also asked the district court to "consider a departure of any kind but especially to probation." All of the discussion regarding the departure before the district court surrounded whether a downward dispositional departure should be granted.

At the conclusion of the hearing, the district court stated it would announce the sentence but wanted to review the case law as well as receive written submissions from the parties regarding whether a dispositional departure should be granted. The district court then imposed a total sentence of 132 months of imprisonment, the mitigated presumptive guideline sentence, and took the dispositional departure motion under advisement. A few weeks later, on July 22, 2015, the district court filed a journal entry denying Stanford's motion for a downward dispositional departure, finding there were no substantial or compelling reasons why Stanford should be treated differently than called for by statute.

Stanford then appealed his convictions and sentences to our court, and the panel affirmed. 2017 WL 1534779, at *12. The Kansas Supreme Court denied Stanford's petition for review.

On January 24, 2018, Stanford, through counsel, filed a motion to declare conviction void without jurisdiction, a motion for resentencing for failure to fully rule on departure motion, and a motion for stay. On April 12, 2018, Stanford filed an amended motion for resentencing for failure to fully rule on the departure motion. Of import here, Stanford argued in his motion to declare conviction void without jurisdiction that the stipulation to facts did not include an overt act toward the conspiracy charge and no overt act was proven. Stanford argued that because this fact was lacking, the conviction of conspiracy to manufacture methamphetamine was void without jurisdiction. That motion never explicitly argued the district court lacked subject matter jurisdiction; rather, it complained there was no overt act proven. In his motion for resentencing for failure to fully rule on departure motion, Stanford asserted the departure motion, which did not specify if it was requesting a downward durational or dispositional departure, was requesting the district court consider both options. He argued his sentence was illegal because the district court never ruled on his durational departure motion.

The district court held a hearing on Stanford's motions and took the matter under advisement, giving the parties time to submit briefs. Almost a year later, on March 19, 2019, the district court denied Stanford's motions by written letter opinion. Regarding the durational departure issue, the district court held:

> "In reading the sentencing transcript it is plain to me that the court sentenced the defendant to 132 months in prison and only took the probation, or dispositional departure issue under advisement. Judge Walker, in considering the departure issues, both durational and dispositional had ruled on the number of months, with the mitigated number of months being decided as the proper penalty. This conscious decision to use the

mitigated presumptive sentence from the guidelines shows the Court's decision concerning the appropriate length of sentence."

Regarding Stanford's motion to declare conviction void without jurisdiction, the district court held:

"There was no disagreement that the proffer of Mr. and Mrs. Stanford conspiring to manufacture methamphetamine constituted the overt act of making methamphetamine. To complain now that the mutually agreed upon amendment to the conspiracy charge is void for lack of an overt act seems disingenuous at best. It seems like an invited error by the defense in order to have the benefit of a chance for probation at sentencing and then later complaining there was no overt act, while previously not objecting to the Court's approval of their conspiracy agreement between the State and defense."

Stanford timely appeals.

ANALYSIS

On appeal, Stanford raises two issues. First, he argues the district court erred in denying his motion to declare his convictions void, which was based on Stanford's assertion that the charging documents did not confer subject matter jurisdiction to the district court. Second, Stanford argues he should be resentenced because the district court never ruled on his downward durational departure motion.

I. DID THE DISTRICT COURT ERR IN DENYING STANFORD'S MOTION TO DECLARE HIS CONVICTIONS VOID FOR LACK OF SUBJECT MATTER JURISDICTION?

Stanford argues the district court erred in denying his motion to declare his convictions void for lack of subject matter jurisdiction. Specifically, he argues no charging document ever listed an overt act for his conviction of conspiracy to

manufacture methamphetamine and, therefore, his conviction is void for lack of subject matter jurisdiction. The State responds Stanford invited any error by waiving the filing of a new charging document and, even if the error was not invited, the charging document was not so insufficient as to deprive the district court of jurisdiction to convict Stanford of conspiracy to manufacture methamphetamine.

We review "questions of subject matter jurisdiction de novo." *State v. Smith*, 311 Kan. 109, 111, 456 P.3d 1004 (2020).

> "'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.' *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985); see *Cotton*, 535 U.S. at 630 (subject matter jurisdiction refers to "'the courts' statutory or constitutional power to adjudicate the case'"). The existence of subject matter jurisdiction cannot be waived, and its nonexistence may be challenged at any time. See, *e.g.*, *Trotter v. State*, 288 Kan. 112, Syl. ¶ 4, 200 P.3d 1236 (2009). A conviction obtained in a court without subject matter jurisdiction is void. See *State v. Elliott*, 281 Kan. 583, Syl. ¶ 3, 133 P.3d 1253 (2006)." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016).

The State charged Stanford with a variety of drug related and theft charges, the most significant of which was Count 1, manufacturing methamphetamine, a level 1 drug felony. If convicted, the sentencing guidelines for that crime prohibited Stanford from getting probation. See K.S.A. 2010 Supp. 21-36a03(a) (now K.S.A. 2019 Supp. 21-5703[e]). Stanford stated on the record he wanted to avoid this penalty and be able to argue for a dispositional departure to probation. To avoid this consequence, Stanford agreed to try the case on stipulated facts on the charge of conspiracy to manufacture methamphetamine, which would allow him to request a downward dispositional departure. Stanford stipulated to a factual basis for conspiracy to manufacture methamphetamine and explicitly waived the filing of a written amended complaint. The journal entry reflects this.

Now, he argues that even though he waived the filing of a written amended complaint, the lack of that written amended complaint deprived the district court of subject matter jurisdiction because the State did not properly allege the crime of conspiracy to manufacture methamphetamine.

But Stanford's argument has a fatal flaw—"Kansas charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does." *Dunn*, 304 Kan. 773, Syl. ¶ 1. In Kansas,

> "[c]harging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811.

There is no question the first two requirements are satisfied by the complaint filed in this case. At issue is the third requirement of an adequate charging document— whether the complaint alleges facts that if proved beyond a reasonable doubt constitute a crime in Kansas. To answer this question, we must compare the Legislature's definition of the crime charged with the State's factual allegations. If the alleged facts, proved beyond a reasonable doubt, support a guilty verdict, then the charging document is statutorily sufficient. But even if the charging document is insufficient, it does not mean subject matter jurisdiction is lacking. Rather,

> "the State has failed to properly *invoke* the subject matter jurisdiction of the court, and an appropriate remedy must be fashioned. The problem is not a substantive absence of jurisdiction; it is a procedural failure to demonstrate its existence. The availability of a remedy is key. Statutory infirmity does not inevitably fail to bestow subject matter jurisdiction or deprive the court of jurisdiction or destroy jurisdiction. See K.S.A. 22-3502 (arrest of judgment available if charging document does not charge crime *or* court without jurisdiction)." *Dunn*, 304 Kan. at 812.

8

Here, the charging document was insufficient on its face because Stanford was convicted of a crime for which he was not charged and for which there was no amended complaint filed. However, this does not automatically necessitate reversal of Stanford's conviction.

When a charging document fails to properly charge the defendant, it "carries the risk that the due process and notice for the defendant are similarly infirm." *Dunn*, 304 Kan. at 816. When the facts in the charging document fail to establish the crime of conviction, the State is "limited to arguing lack of preservation of the issue . . . or harmlessness under K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105." 304 Kan. at 817. The harmlessness inquiry examines if the defendant's substantial rights were affected by the error. See 304 Kan. at 821. There is no dispute Stanford raised this issue before the district court.

We conclude Stanford's substantial rights were not affected by the charging document's error because he and his counsel clearly understood the new charge. In fact, Stanford explicitly waived, both personally and through counsel, the filing of an amended charging document. In addition, Stanford stipulated to the factual basis for the conspiracy to manufacture methamphetamine charge. Moreover, Stanford welcomed the amended charge because it allowed him to request a downward dispositional departure, something his original charge did not allow. There can be no argument made that any charging document error prejudiced Stanford when he was clearly well informed of the amended charge and a journal entry was filed reflecting the amendment.

Such a holding is consistent with other cases that have allowed oral amendment of charging documents. See *State v. Nunn*, 244 Kan. 207, 224, 768 P.2d 268 (1989) ("Absent any showing of prejudice to the defendant, when the [oral] amendment is made during trial with the defendant and defense counsel present, the amendment is effective immediately. The court's action is not invalidated because a written journal entry is not

9

filed until after the trial has been completed."); *State v. Switzer*, 244 Kan. 449, 457, 769 P.2d 645 (1989) (prosecution's failure to journalize oral amendment to criminal complaint after trial does not invalidate verdict as long as defendant not prejudiced); *State v. Rasch*, 243 Kan. 495, 501, 785 P.2d 214 (1988) (oral motion to cure defect in charging document that omitted essential element permitted); *State v. Dodd*, 11 Kan. App. 2d 513, 515, 728 P.2d 402 (1986) ("The failure to file an amended information in writing was not reversible error.").

## II.    DID THE DISTRICT COURT SENTENCE STANFORD TO AN ILLEGAL SENTENCE?

Second, Stanford argues his sentence is illegal because the district court never ruled on his downward durational departure motion. He argues such an omission causes his sentences to fail to conform to the applicable statutory provisions. The State responds by asserting the district court implicitly rejected Stanford's durational departure motion by imposing a guidelines sentence and Stanford should have raised this issue on his direct appeal.

"A sentence is illegal under K.S.A. 22-3504 when:  (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served." *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). A district court's failure to follow the required statutory departure procedures also renders a sentence illegal. *State v. Jackson*, 297 Kan. 110, 113, 298 P.3d 344 (2013). A court may correct an illegal sentence at any time, including for the first time on appeal. K.S.A. 2019 Supp. 22-3504(a); *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

Addressing the State's second contention first—Stanford is barred from raising this issue now because he failed to do so in his direct appeal—we conclude Stanford's failure to raise the legality of the district court's treatment of his durational departure motion in

10

his direct appeal does not bar his claim because he may raise his illegal sentence claim at any time.

As to Stanford's claim that his sentence is illegal because the district court failed to rule on his durational departure motion, we agree with the State that Stanford's sentence is not illegal because the district court implicitly rejected his request for a durational departure by imposing a guidelines sentence. Moreover, the district court's failure to give reasons for denying a durational departure does not make Stanford's sentence illegal because a court is not required to make findings or to state its reasons when denying a departure request. See *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014). Nor is a court required to make specific findings to support the imposition of a presumptive guidelines sentence. *State v. Huerta*, 291 Kan. 831, 836, 247 P.3d 1043 (2011). As Stanford received a guidelines sentence, his sentence is not illegal.

Affirmed.