FILED
United States Court of Appeals
Tenth Circuit

**July 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

COREY BROWN,

      Petitioner - Appellant,

v.

DAVID R. McKUNE; ATTORNEY
GENERAL OF KANSAS,

      Respondents - Appellees.

No. 15-3048
(D.C. No. 5:13-CV-03078-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

    Petitioner Corey Brown is serving a 534-month prison term in the Kansas

correctional system. Appearing pro se,[1] he seeks a certificate of appealability ("COA")

to challenge the district court's denial of his application for a writ of habeas corpus under

28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final

order in a habeas corpus proceeding in which the detention complained of arises out of

_____

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Brown is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

process issued by a State court"). Mr. Brown also requests leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.    BACKGROUND

Mr. Brown was charged in state court with two counts of attempted first-degree murder or, in the alternative, two counts of aggravated battery against a law enforcement officer. He also was charged with possession of marijuana, possession of cocaine, and criminal possession of a firearm. A jury convicted him of two counts of the lesser included offense of attempted second-degree murder, marijuana possession, and criminal possession of a firearm. The state courts affirmed his direct appeal and denied his requests for post-conviction relief. The federal district court denied his § 2254 petition. He seeks a COA on the three issues addressed by the district court.

## II.    DISCUSSION

A COA is necessary to appeal from a district court's denial of a § 2254 habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). When a state court has decided the petitioner's claim on the merits, we "look to the District Court's application of [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]" to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Id*. at 336. AEDPA provides that federal courts cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable

2

determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

### A. *Claim One – Duplicitous Charges*

Mr. Brown alleged in his petition that the charges against him of attempted first-degree murder and aggravated battery were unconstitutionally duplicitous. The district court denied this claim as procedurally barred and on the merits. As to the former, the court noted that Mr. Brown had not raised this issue for review in the state appellate courts and had not otherwise overcome his failure to exhaust his claim. As to the latter, the court denied the claim because Mr. Brown had not shown that the charges against him posed any danger of constitutional violation at trial from duplicity.

In his brief, Mr. Brown argues generally about how duplicitous charges can cause confusion and contends the prosecution presented evidence at trial on the alternative charges. Aplt. Br. at 7. He has not, however, shown that any of the dangers of duplicity that this court recognized in *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998)—a non-unanimous verdict, a prejudiced subsequent double jeopardy defense, or court difficulty in determining admissibility of evidence—were present in his case. As the district court explained, the record shows the jury unanimously convicted Mr. Brown of two charges of attempted second degree murder, a lesser included offense of attempted first degree murder.

Even though this claim is unexhausted, a federal court may deny it on the merits so long as none of the petitioner's claims has merit. *See* 28 U.S.C. § 2254(b)(2); *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009); *Moore v. Schoeman*, 288

3

F.3d 1231, 1235 (10th Cir. 2002). We conclude the district court correctly denied this claim on the merits and that reasonable jurists could not debate that ruling. We therefore deny a COA.

### B. Claim Two – "Sentencing Inequity"

In his § 2254 petition, Mr. Brown complained that a year after his conviction and sentence, the state legislature changed attempted second degree murder from a level 1 felony to a level 3 felony but did not make the change retroactive. The district court denied relief because Mr. Brown had failed to identify a violation of the Constitution or federal law.

In his brief, Mr. Brown argues he has suffered a Fourteenth Amendment equal protection violation. Aplt. Br. at 8. He did not make this argument before the district court. Even if he had, he has not provided any authority, and we have found none, that the Fourteenth Amendment requires state legislatures that lower the sentence for a particular crime to make that change retroactive. Accordingly, reasonable jurists could not debate the district court's denial of this habeas claim, and we deny a COA.

### C. Claim Three – "Identical Offense"

Mr. Brown claimed the state trial court violated his due process rights when it failed to sentence him under the identical offense doctrine, a Kansas state law doctrine that requires a sentencing court to impose the lesser of two sentences for identical crimes. *See State v. Nunn*, 768 P.2d 268, 284 (Kan. 1989). He argued the charges of attempted second-degree murder and aggravated battery against a law enforcement officer are identical. In his direct appeal, the Kansas Court of Appeals disagreed, holding these two

4

crimes are separate, not identical. *Brown v. State*, No. 104,248, 2011 WL 3795475, at *2 (Kan. Ct. App. Aug. 26, 2011) (unpublished). The federal district court said this was a reasonable construction of state law. More importantly for our purposes, the district court determined the identical offense claim did not adequately present a violation of the Constitution or federal law. For substantially the same reasons given by the district court, we agree.

In his brief, Mr. Brown devotes most of his argument to contesting the state court of appeals' ruling that the two crimes here are separate and not identical. Aplt. Br. at 9. In the last sentence of his brief, Mr. Brown alleges "a denial of my right to a fair trial Constitutionally." *Id*. Apart from his claim being about his sentence rather than his trial, Mr. Brown simply has not made, as he must for a COA, "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We deny a COA on this claim.

### III.   CONCLUSION

Reasonable jurists could not debate that the district court correctly denied habeas relief under 28 U.S.C. § 2254 to Mr. Brown on any of his claims. We therefore deny his request for a COA. We also deny his motion to proceed *ifp*. This matter is dismissed.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

5