**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LELAND JAMES DODD,

     Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

     Respondent - Appellee.

No. 17-6194
(D.C. No. 5:16-CV-00795-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILTY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Petitioner Leland Dodd, an Oklahoma prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's order denying his 28

U.S.C. § 2254 habeas petition. He also asks to proceed in forma pauperis (IFP). We

deny Dodd's COA request and dismiss the appeal. But we nevertheless grant Dodd's

motion to proceed IFP.

**I**

An Oklahoma court convicted Dodd of conspiracy to traffic marijuana and

related charges in 1991. The sentencing court imposed a mandatory minimum

---

[*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
_See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.
[1] Because Dodd appears pro se, we liberally construe his pleadings. _Gallagher
v. Shelton_, 587 F.3d 1063, 1067 (10th Cir. 2009).

sentence of life in prison without the possibility of parole because Dodd had previously been convicted of two drug offenses. The Oklahoma legislature subsequently amended its sentencing laws in 2015 to reduce the applicable mandatory minimum sentence from life in prison to 20 years. *See* Trafficking in Illegal Drugs Act (TIDA), sec. 1, § D(3), 2015 Okla. Sess. Laws Ch. 258 (codified at Okla. Stat. tit. 63, § 2–415).

Dodd filed a petition for post-conviction relief in state district court in December 2015, shortly after the new sentencing law went into effect. In ruling on Dodd's petition, the state district court explained that Oklahoma courts don't apply statutory amendments retroactively unless the legislature expressly makes the amendment retroactive or the legislature's intent can't be satisfied without retroactive application. The state district court found no such express statement or necessary implication in TIDA, so it concluded that the sentencing amendment doesn't apply retroactively and dismissed Dodd's petition. The Oklahoma Court of Criminal Appeals (OCCA) affirmed for the same reason.

Dodd then filed the instant petition in federal district court. Dodd argued that TIDA is a substantive change in the law that applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1989), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The magistrate judge concluded that these cases only contemplate changes in federal constitutional law as opposed to state statutory law and that § 2254 doesn't give federal courts the authority to grant habeas petitions based on a state court's error in applying its own state's law. The magistrate judge further concluded that the Equal

2

Protection Clause doesn't require states to retroactively apply changes to criminal law because criminal defendants who commit an act after such an amendment's effective date aren't similarly situated to those who commit the same act before the amendment. The district court adopted the magistrate judge's findings and recommendations in full and denied Dodd's petition. It also declined to grant Dodd a COA and denied his motion to proceed IFP. Dodd now requests a COA from this court.

**II**

Dodd may not appeal the district court's final order denying his petition without a COA. 28 U.S.C. § 2253(c)(1). We may grant a COA "only if [Dodd] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires that Dodd "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Federal courts may provide habeas relief to petitioners in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But when a state court has already adjudicated the petitioner's claim on the merits, a federal court may only grant relief if the state court's adjudication on that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

3

of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." *Id.* § 2254(d).

In support of his COA request, Dodd makes three arguments for why TIDA must apply retroactively: (1) it applies retroactively as a matter of statutory interpretation; (2) it's a change in substantive law that applies retroactively under *Teague* and *Montgomery*; and (3) the Equal Protection Clause mandates it apply retroactively.

As the district court explained, the OCCA relied on state law to determine that TIDA doesn't apply retroactively, and § 2254 doesn't allow federal courts to grant relief for a violation of state law. Our decision in *Burleson v. Saffle* squarely supports the district court's conclusion. 278 F.3d 1136, 1140 (10th Cir. 2002) (holding that because § 2254(d) only allows review of state-court decisions that are "contrary to or . . . unreasonable application[s] of federal law," we can't grant habeas relief based on state court's misapplication of state law). Here, the OCCA relied on Oklahoma law to reject Dodd's retroactivity argument. So even assuming the OCCA erred in doing so, that error can't serve as a basis for habeas relief.

Dodd can't rely on *Montgomery* and *Teague* for related reasons: those cases deal with retroactive application of federal—not state—law. Because Dodd's argument deals with a change in state law, these cases don't apply. *See Montgomery*, 136 S. Ct. at 732–33 ("Where state collateral review proceedings permit prisoners to challenge the lawfulness of their confinement, States cannot refuse to give retroactive effect to a *substantive constitutional right* that determines the outcome of that

4

challenge." (emphasis added)); *Teague*, 489 U.S. at 310 (discussing retroactivity of "new constitutional rules of criminal procedure"). Indeed, in *Burleson* the federal district court relied on *Teague* to analyze whether the OCCA should have applied a change in Oklahoma law retroactively, but we explained that *Teague* simply isn't at issue when a habeas petitioner asserts an error of state law. *See* 278 F.3d at 1440. Thus, reasonable jurists couldn't debate the district court's conclusion that *Teague* and *Montgomery* don't apply here.

Dodd's equal-protection argument at least implicates federal law because it's based on the 14th Amendment. The district court reviewed this argument de novo because the state courts didn't address it, *see Littlejohn v. Tramell*, 704 F.3d 817, 825 (10th Cir. 2013) (explaining we review de novo any habeas claims raised but not adjudicated in state court), and concluded that Dodd wasn't denied equal protection of the law because he wasn't similarly situated to defendants who engaged in similar conduct after TIDA went into effect.

In support of his COA request, Dodd argues that the district court erred because a difference in time has no bearing on whether two people are similarly situated. But he cites no authority for this proposition. Nor have we found any ourselves. Rather, we've repeatedly held—albeit in unpublished opinions—that the Equal Protection Clause allows state legislatures to change sentencing laws without applying the changes retroactively. *See Brown v. McKune*, 618 F. App'x 398, 401 (10th Cir. 2015) (unpublished); *Dial v. Hannigan*, No. 97-3235, 1998 WL 223346, at *1 (10th Cir. 1998) (unpublished). Other circuits agree. *See Baker v. Director, U.S.*

5

*Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *La Rue v. McCarthy*, 833 F.2d 140, 142–43 (9th Cir. 1987); *Ferrazza v. Mintzes*, 735 F.2d 967, 968 (6th Cir. 1984). Accordingly, Dodd fails to establish that reasonable jurists could debate the district court's conclusion that a criminal defendant who commits a crime before a change in sentencing laws isn't similarly situated to a criminal defendant who commits a crime after a change in sentencing laws.

\*       \*       \*

Because no reasonable jurist could debate that Dodd has failed to show his custody violates federal law, we deny his COA application and dismiss this matter. But we grant his motion to proceed IFP.

Entered for the Court

Nancy L. Moritz
Circuit Judge